**ALD-083**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 11-2716
———————

CHARLES WONGSO;
SWANDAJANI,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A096-262-256, A096-262-257)
Immigration Judge:  Honorable Donald Vincent Ferlise
_____

Submitted on the Respondent's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 20, 2012
Before:  SLOVITER, FISHER AND NYGAARD, Circuit Judges

(Opinion filed: January 30, 2012)
———————

OPINION
———————

PER CURIAM

    Petitioners Charles Wongso and Swandajani (first name unknown) petition for

review of an order of the Board of Immigration Appeals (BIA) denying their motion to

reopen.  The government has filed a "Motion for Summary Disposition," arguing that the

petitioners' case presents no substantial question. We will grant the government's motion, which we will treat as a motion for summary action, and deny the petition for review.

The petitioners are citizens of Indonesia. In 2003, the Department of Homeland Security charged them with being removable under section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), as aliens who were present in the United States in violation of law. The petitioners conceded that they were removable as charged. However, they applied for withholding of removal and protection under the Convention Against Torture (CAT).[1] They claimed that they had been persecuted and feared future persecution due to their Christianity and Chinese ethnicity.

On May 2, 2005, an Immigration Judge (IJ) denied all relief to petitioners. The IJ concluded that they had neither suffered past persecution nor showed that they were likely to be persecuted in the future. As to the claim of future persecution, the IJ ruled that they had failed to establish either that they would be individually singled out for persecution or that there is a pattern or practice in Indonesia of persecuting Christians of Chinese background. Accordingly, the IJ denied their withholding-of-removal claim. The IJ concluded that the petitioners were not entitled to CAT relief because they had not shown that they would be tortured in Indonesia.

The petitioners then appealed to the BIA, which dismissed the appeal on July 25, 2007, for essentially the reasons set forth in the IJ's decision. They filed a petition for

---

[1] The petitioners originally submitted, but then withdrew, an application for asylum.

2

review in this Court, which the Court denied.  See Wongso v. Att'y Gen., 283 F. App'x 918 (3d Cir. 2008).

In September 2010, petitioners filed the motion that is at issue here — a motion to reopen.  In support of the motion, the petitioners presented six news articles and the 2009 Department of State Human Rights Report for Indonesia.  They claimed that these documents showed that the country conditions in Indonesia had changed for the worse.  Based on this new evidence, they argued, they were entitled to withholding of removal and CAT relief.

The BIA denied the motion to reopen.  It held that the petitioners' evidence was cumulative of the evidence that they had previously presented and did not establish their prima facie eligibility for relief.  The petitioners then filed a petition for review in this Court.

We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's denial of the motion to reopen.  Where the BIA denies a motion to reopen for failure to establish a prima facie case, the Court will review the BIA's ultimate decision for abuse of discretion and its underlying findings of fact for substantial evidence.  See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002); see also INS v. Abudu, 485 U.S. 94, 105 (1988).  To make a prima facie showing, "the alien must produce objective evidence that, when considered together with the evidence of record, shows a reasonable likelihood that he is entitled to relief."  Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010).

3

In their brief, the petitioners argue that the BIA "did not consider the additional materials and new evidence" that they submitted. We disagree. While the agency did not expound, at length, on the new material, it did both acknowledge the submissions and explain why, in aggregate, they were lacking. The BIA need not "write an exegesis" on every contention; rather, its "analysis merely must be adequate to allow for meaningful review of [its] decision." Toussaint v. Att'y Gen., 455 F.3d 409, 414 (3d Cir. 2006) (internal quotation marks omitted). The BIA's analysis here comports with that standard.

On the merits, we conclude the BIA did not err in determining that the petitioners failed to establish their prima facie eligibility for relief. Contrary to the petitioners' arguments, the 2009 State Department Report does not help their cause. Cf. Wong v. Att'y Gen., 539 F.3d 225, 234 (3d Cir. 2008) (noting that "more recent State Department reports from 2005 to 2007 document similar or improved treatment of Chinese Christians in Indonesia" since 2004). Rather, as the government points out, the report states that Indonesia's government "generally respected" Indonesians' constitutional right "to worship according to his or her own religion or belief." Further, although the petitioners' articles establish that isolated attacks against Christians in Indonesia have continued, these scattered articles do not show that there is a reasonable likelihood that the petitioners are entitled to withholding of removal or CAT relief. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (explaining that applicant seeking relief due to pattern or practice of persecution must establish "systemic, pervasive, or organized" persecution (internal quotations omitted); Tarrawally v. Ashcroft, 338 F.3d 180, 187-88 (3d Cir.

2003) (explaining that to prevail on CAT claim, the applicant must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal" (internal quotation marks omitted)); see generally Zubeda v. Ashcroft, 333 F.3d 463, 477-78 (3d Cir. 2003). Therefore, the BIA did not abuse its discretion in denying the petitioners' motion to reopen.

Accordingly, we grant the government's motion for summary action and will deny the petition for review.